1  Lawrence P. Riff (State Bar No. 104826)
   lriff@steptoe.com
2  Jason Levin (State Bar No. 161807)
   jlevin@steptoe.com
3  Colleen O'Brien (State Bar No. 215514)
   cobrien@steptoe.com
4  **STEPTOE & JOHNSON** LLP
   633 West Fifth Street, Suite 700
5  Los Angeles, California 90071
   Telephone: (213) 439-9400
6  Facsimile: (213) 439-9599

7  Attorneys for Defendants MOBIL OIL REFINING
8  CORPORATION and EXXON MOBIL CORPORATION

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12                              CV14-01072-ABC(JCx)
   REGINA LAZO, individually and as    CASE NO.:
13  heir at law and successor-in-interest to
14  YOUSSEF LAZO, deceased; ALEX        Case Removed: February 11, 2014
   LAZO, individually and as heir at law;
15  MARC LAZO, individually and as heir  **NOTICE OF DEFENDANTS MOBIL
16  at law,                              OIL REFINING CORPORATION
                                        AND EXXON MOBIL
17          Plaintiffs,                  CORPORATION'S REMOVAL OF
18                                       ACTION PURSUANT TO 28 U.S.C.
19     vs.                              SECTIONS 1332, 1441(b) AND 1446
                                        [DIVERSITY]**
20  MOBIL OIL REFINING
21  CORPORATION, a Delaware
   corporation; EXXON MOBIL
22  CORPORATION, a New Jersey
23  corporation; and DOES 1 through 100
24  inclusive,

25          Defendants.
26
27
28

                                1                   DOC. # DC-8317268 V.1
   NOTICE OF DEFENDANTS MOBIL OIL REFINING CORPORATION AND EXXON
   MOBIL CORPORATION'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
   SECTIONS 1332, 1441(b) AND 1446 [DIVERSITY]

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that MOBIL OIL REFINING CORPORATION and EXXON MOBIL CORPORATION (hereafter, collectively, "Removing Defendants") hereby submit this Notice of Removal to remove to this Court the state court action described below:

## Summary of Removal Allegations

- Plaintiff Regina Lazo is a citizen of California.

- Plaintiff Alex Lazo is a citizen of California.

- Plaintiff Marc Lazo is a citizen of California.

- No Defendant is a citizen of California.

- Defendant Mobil Oil Refining Corporation is a corporate citizen of Delaware and Virginia.

- Defendant Exxon Mobil Corporation is a corporate citizen of New Jersey and Texas.

- Complete diversity exists between Plaintiffs and Defendants.

- Per Plaintiffs' Statement of Damages, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

- This Court has diversity jurisdiction under 28 U.S.C section 1332.

DOC. # DC-8317268 V.1

- This removal is timely, as it is within 30 days of service of Plaintiffs' Statement of Damages for $10+ million.

**Basis for Removal**

1.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Removing Defendants pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

2.      This removal is timely.  The case first became removable on January 30, 2014, after the Removing Defendants completed their investigation into Plaintiffs' citizenship and after Plaintiffs responded to written discovery indicating the amount-in-controversy in this case exceeds $75,000.00 exclusive of interest and costs.  28 U.S.C. § 1446.  Plaintiffs Regina Lazo, Marc Lazo and Alex Lazo (together, "Plaintiffs") commenced their civil action in state court on November 12, 2013 ("the State Action") and served the Summons and Complaint ("Complaint") on the Removing Defendants on December 12, 2013, but the Complaint was silent as to the state citizenship of Plaintiffs and the amount-in-controversy.

3.      No co-defendant joinder is necessary as the Removing Defendants are the only defendants in this case.

DOC. # DC-8317268 V.1

1

2

3

### Background and Facts

4       4.      The case is a toxic tort personal injury action concerning Decedent

5  Youssef Lazo ("Decedent").  Plaintiff Marc Lazo, a California attorney, represents

6

7  his mother, his brother and himself in this survival/wrongful death action

8  stemming from his father/Decedent's employment at the ExxonMobil Torrance

9  Refinery from 1980-1994.  Decedent allegedly developed myelodysplastic

10  syndrome/acute myelogenous leukemia as a result of working with and around

11  various refinery chemical streams.  Removing Defendants were not served with

12  any paper in the action until they were served with the Complaint on December 12,

13

14  2013.  A true and correct copy of the Complaint is attached to the accompanying

15  Declaration of Colleen O'Brien as Exhibit A (hereinafter, "O'Brien Decl.").

16

17  ### Relevant Proceedings

18       5.      On January 10, 2014, the Removing Defendants timely demurred to

19

20  the Complaint on the grounds (1) that the entire action is barred by workers'

21  compensation exclusivity because Decedent was allegedly employed by the

22  Removing Defendants during his alleged toxic exposures; and (2) that the survival

23

24  claims are time-barred because Decedent allegedly last worked at the Torrance

25  Refinery in 1994, but Plaintiffs failed to plead facts showing an excuse for late

26  discovery.  That demurrer was set for hearing on February 20, 2014 in Department

27

28

DOC. # DC-8317268 V.1

NOTICE OF DEFENDANTS MOBIL OIL REFINING CORPORATION AND EXXON
MOBIL CORPORATION'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441(b) AND 1446 [DIVERSITY]

1    91 of the Los Angeles Superior Court.  The case was removed prior to any hearing

2    on the demurrer.

3

4              **Discovery—Plaintiffs are Citizens of California**

5          6.     Following receipt of the Complaint in January 2014, the Removing

6    Defendants acted immediately to determine whether the State Action was

7

8    removable.  (O'Brien Decl., ¶¶4, 5, 6, 7.)  Using the scant information available

9    from the Complaint, the Removing Defendants undertook a factual investigation

10

11   to determine if Plaintiffs' citizenship—that is, their intent to remain permanently

12   in California—could be ascertained using a combination of public

13

14   sources/information.  (O'Brien Decl., ¶¶4, 5.)  Shortly thereafter, the Removing

15   Defendants determined: (a) all three Plaintiffs were born outside the United States

16

17   and entered the country in 1979; (b) Regina Lazo was issued a social security

18   number by the State of California in 1979; (c) Regina Lazo and Decedent (until

19

20   his November 2011 death) lived together in the following California cities[1] for the

21   following approximate dates from 1979 to present: Laguna Niguel, CA; Fountain

22   Valley, CA; Yorba Linda, CA; Huntington Beach, CA; (d) Youssef I. Lazo and

23

24   Regina Y. Lazo are and have been the recorded owners of a residential property in

25   Laguna Niguel, CA, which they purchased on May 23, 2003; (e) Alex Lazo was

26

27   issued a social security number by the State of California in 1987; (f) Alex Lazo

28

---

[1] Per L.R. 5.2-1, only the city and state is included for the Lazos' home addresses.

has resided in the following California cities: Orange, CA; Rancho Santa

Margarita, CA; Laguna Niguel, CA; Newport Beach, CA; (g) Alex and Gine Lazo

are and have been the recorded owners of a residential property in Orange,

CA since June 29, 2006; (h) Alex Lazo received a B.A. degree from California

State University at Fullerton on June 2, 1994, and a Master's degree from the

same university on January 5, 1998; (i) twice in 2012, Alex Lazo brought lawsuits

in California courts (see *Alex Lazo v. Allied Business Schools*, Case No. 30-2012-

0057-9707, Orange County Superior Court filed June 27, 2012; *Alex Lazo and

Gine Lazo v. Bank of America* , Case No. 8:12-cv-01063-AG (RNBx); U.S.

District Court, Central District of California, Southern Division, filed June 29,

2012); (j) Marc Lazo was issued a social security number by the State of

California in 1986; (k) Marc Lazo obtained a B.A. from the University of

California at Irvine on June 28, 1998 and received a J.D. from Loyola Law

School, Loyola Marymount University on May 13, 2001; (l) Marc Lazo holds a

California Department of Real Estate Broker's license issued July 26, 2005

(expires December 17, 2017); (m) Marc Lazo holds a California business license

(Marc Y. Lazo dba Cedar Tree Brokerage, Orange County, CA filing July 9, 2009,

expires July 8, 2014); (n) Marc Lazo was granted admission to the State Bar of

California on December 3, 2001; (o) Marc Lazo is currently a managing partner at

Wilson Harvey Browndorf LLP, 8815 Research Dr., Irvine, California 92618

DOC. # DC-8317268 V.1

NOTICE OF DEFENDANTS MOBIL OIL REFINING CORPORATION AND EXXON
MOBIL CORPORATION'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441(b) AND 1446 [DIVERSITY]

(accessible online at http://whbllp.com/people/?letter=L); (p) in 2011, Marc Lazo brought a lawsuit in this Court on his own behalf (*see Marc Youssef Lazo v. JP Morgan Chase,* Case No. 2:11-CV-08817-JAK-MLG, U.S. District Court for the Central District of California, filed October 24, 2011; (q) Decedent's online obituary states that Decedent, Regina and their sons have resided in Los Angeles and Orange Counties, respectively, since May 10, 1979 (*see* O'Brien Decl., ¶5, Ex. B with F.R.C.P. 5.2 redactions); (r) a search of the Orange County Superior Court online docket for "Regina Lazo" describes traffic infractions in 2012 and 2013 for Ms. Lazo (O'Brien Decl., ¶5, Exs. C and D); (s) in 2012, Alex Lazo represented to this Court in an unrelated lawsuit that he was a California "resident" for purposes of diversity jurisdiction (O'Brien Decl., ¶5, Ex. E, p. 6:20-25) (*see generally* O'Brien Decl., ¶¶4, 5.)

## Discovery—The Amount-in-Controversy Requirement is Met

7.     Removing Defendants hand-served discovery on all Plaintiffs on January 10, 2014 seeking to determine, among other facts, the amount-in-controversy.  Said written discovery included a request for a statement of damages, three special interrogatories and a request for admission.  (O'Brien Decl., ¶6 and Exs. F, G, H.)  Removing Defendants first received a Statement of Damages from Plaintiffs on January 30, 2014, indicating that Plaintiffs collectively seek damages in excess of $10 million.  (O'Brien Decl., ¶7, Ex. I.)

DOC. # DC-8317268 V.1

**Complete Diversity Now Exists Between All Plaintiffs and Defendants.**

8.      Pursuant to 28 U.S.C. section 1446(b), this case is being removed within 30 days of receipt of the pleading from which it could be first ascertained by Removing Defendants that the State Action is removable: namely, the January 30, 2014 statement of damages stating the amount-in-controversy.

9.      This Notice of Removal has been filed within 30 days of the Removing Defendants' discovery of facts forming the basis for removal, facts diligently and immediately sought by Removing Defendants.  Prior to January 30, 2014, Removing Defendants lacked the underlying facts concerning citizenship and the amount-in-controversy.  Only in the last two weeks have Removing Defendants learned the key facts relevant to diversity jurisdiction: All three Plaintiffs are citizens of the State of California, as they were when the State Action was initiated, as evidenced by their California-issued social security numbers, residences, property ownership, California schooling, California business and professional licenses and extensive use of, participation in and involvement with the California court system.  (O'Brien Decl., ¶¶4, 5; Exs. B, C, D.)  The Removing Defendants are both foreign corporations and were at the time the Complaint was filed: Mobil Oil Refining Corporation is a Delaware Corporation with a principal place of business located in Fairfax, Virginia.  (O'Brien Decl., ¶9, Ex. J.)  Exxon Mobil Corporation is a New Jersey Corporation with its principal place of business

DOC. # DC-8317268 V.1

NOTICE OF DEFENDANTS MOBIL OIL REFINING CORPORATION AND EXXON
MOBIL CORPORATION'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441(b) AND 1446 [DIVERSITY]

located in Irving, Texas.  (O'Brien Decl., ¶9, Ex. K.)  There are no other named

defendants, and complete diversity exists between the parties.  Per Plaintiffs'

Statement of Damages received January 30, 2014, the amount in controversy

exceeds $75,000.00, exclusive of interest and costs.  (O'Brien Decl., ¶¶6, 7, Ex. I.)

10.    Under established Ninth Circuit precedent, this Notice of Removal is

timely filed.  *Harris v. Bankers Life and Casualty Company*, 425 F.3d 689, 694

(9th Cir. 2005) ("[A] notice of removal may be filed within thirty days after

receipt by the defendant . . . of a copy of an amended pleading, motion, order or

other paper from which it may first be ascertained that the case is one which is or

has become removable . . . ." *Id., citing* 28 U.S.C. § 1446(b).)

11.    Based on the foregoing paragraphs, these Removing Defendants

allege in good faith the Plaintiffs were—at the time of initiating the State

Action—and are, all three citizens of California seeking damages in an amount

greater than the minimum jurisdictional amount of this Court.  (O'Brien Decl.,

¶¶4, 5, 6, 7, 8 and corresponding exhibits.)

## Service and Filing

12.    Pursuant to 28 U.S.C. section 1446(a), this Notice is properly filed in

the United States District Court for the Central District of California, which is the

district court of the United States for the district and division within which the

State Action is pending.  Venue is proper in this Court.

DOC. # DC-8317268 V.1

13.     A copy of this Notice of Removal is being filed with the clerk of the Los Angeles County Superior Court.

14.     A copy of this Notice of Removal is also being served on counsel for Plaintiffs.

15.     Per 28 U.S.C. section 1446(a), a copy of all process, pleadings, and orders served on the Removing Parties in this action are attached to the Declaration of Colleen O'Brien, filed with this notice of removal. (*See* O'Brien Decl., ¶10 and corresponding exhibits.)

16.     WHEREFORE, Removing Defendants respectfully request that this Notice of Removal be accepted as good and sufficient, that the action entitled *Regina Lazo, et al. v. Mobil Oil Refining Corporation, et al.,* Case No. BC527337 in the Superior Court of the State of California for the County of Los Angeles, be removed to the United States District Court for the Central District of California, and that this Court enter all orders and issue all process necessary to proceed with this action as if originally commenced in this Court.

DATED:  February 11, 2014                STEPTOE & JOHNSON LLP

By _____
   Colleen O'Brien
   Attorneys for Defendants MOBIL OIL
   REFINING CORPORATION and EXXON
   MOBIL CORPORATION

DOC. # DC-8317268 V.1

NOTICE OF DEFENDANTS MOBIL OIL REFINING CORPORATION AND EXXON
MOBIL CORPORATION'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441(b) AND 1446 [DIVERSITY]

**PROOF OF SERVICE**

F.R.C.P. 5 / C.C.P. 1013a(3)/ Rules of Court, Rule 2060

I am a resident of, or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is: Steptoe & Johnson LLP, 633 West Fifth Street, Suite 700, Los Angeles, California 90071.

On **February 11, 2014**, I served the following listed document(s), by method indicated below, on the parties in this action: **NOTICE OF DEFENDANTS MOBIL OIL REFINING CORPORATION AND EXXON MOBIL CORPORATION'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(b) AND 1446 [DIVERSITY]**

### *SEE ATTACHED SERVICE LIST*

☒ **BY U.S. MAIL**
By placing ☐ the original / ☒ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of document for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that upon motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in this affidavit.

☐ **BY ELECTRONIC SERVICE**
   **(via electronic filing service provider)**
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider, at www.fileandserve.lexisnexis.com pursuant to the Court's _____ Order mandating electronic service. *See* Cal. R. Ct. R. 2053, 2055, 2060. The transmission was reported as complete and without error.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents.

☐ **BY ELECTRONIC SERVICE**
   **(to individual persons)**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. The transmission was reported as complete and without error. *See* Rules of Court, rule 2060.

☐ **BY PERSONAL SERVICE**
   ☐ By personally delivering the document(s) listed above to the offices at the addressee(s) as shown on the attached service list.
   ☐ By placing the document(s) listed above in a sealed envelope(s) and instructing a registered process server to personally delivery the envelope(s) to the offices at the address(es) set forth on the attached service list. The signed proof of service by the registered process server is attached.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made pursuant to agreement of the parties, confirmed in writing.

☐ STATE   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ FEDERAL   I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Elena Hernandez
Type or Print Name

Signature

NOTICE OF DEFENDANTS MOBIL OIL REFINING CORPORATION AND EXXON MOBIL CORPORATION'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(b) AND 1446 [DIVERSITY]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
Our File No. 16509-0242

Marc Y. Lazo, Esq.
**WILSON HARVEY BROWNDORF, LLP**
8815 Research Drive, Suite 200
Irvine, California  92618
(949) 274-7854
(949) 234-6254 (Facsimile)

*Counsel for Plaintiffs*

DOC. # DC-8317268 V.1

NOTICE OF DEFENDANTS MOBIL OIL REFINING CORPORATION AND EXXON
MOBIL CORPORATION'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441(b) AND 1446 [DIVERSITY]