UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1072 ABC (JCx) | Date | March 17, 2014 |
|---|---|---|---|
| Title | Regina Lazo et al v. Mobil Oil Refining Corporation et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**Proceedings:**        Order **GRANTING** Motion to Dismiss    (In Chambers)

   Pending before the Court is a Motion to Dismiss ("Motion," docket no. 9) filed by Defendants Mobil Oil Refining Corporation and Exxon Mobil Corporation ("Defendants"). Plaintiffs Regina Lazo, Alex Lazo, and Marc Lazo ("Plaintiffs") filed an Opposition[1] and Defendants filed a Reply. The Court finds the matter appropriate for resolution without oral argument and **VACATES** the March 24, 2014 hearing. Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons below, the Motion is **GRANTED**.

**I.  BACKGROUND**

   Plaintiffs allege that decedent Youssef Lazo ("Decedent") was exposed to toxic chemicals during his employment with Defendants, and that this exposure caused his health to deteriorate, leading to acute myeloid leukemia ("AML"), a degenerative disease that led to Decedent's death. Plaintiffs are Decedent's heirs and, based on the foregoing, bring claims for wrongful death, negligence, negligent infliction of emotional distress, loss of consortium, and failure to warn.

   Defendants move to dismiss on the ground that these claims are covered by workers' compensation, and that Plaintiffs have not adequately pled any exception to workers' compensation exclusivity. The Court agrees.

---

   [1] In their Opposition, Plaintiffs assert that Defendants' "removal [of this action from state court] was improper and that the superior court still retains jurisdiction over this matter." Opp'n 1, fn. 1. It appears to the Court that the Notice of Removal does demonstrate that this court has diversity jurisdiction. If Plaintiffs have a good-faith basis for challenging the Court's jurisdiction and wish to do so, they must file a motion for remand within fourteen (14) days of the issuance of this order. Should Plaintiffs file a motion for remand, that would stay the twenty-one day deadline for filing an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1072 ABC (JCx) | Date | March 17, 2014 |
|---|---|---|---|
| Title | Regina Lazo et al v. Mobil Oil Refining Corporation et al. | | |

## II. LEGAL STANDARD

Fed. R. Civ. Proc. 8(a)(2) requires a pleading to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. Proc. 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Thus, a pleading that does not satisfy Rule 8 is subject to dismissal under Rule 12(b)(6). Dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 969, 699 (9th Cir. 1988).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alterations omitted). Although this does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009). A sufficiently-pled claim must be "plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. For purposes of a motion to dismiss, allegations of fact are taken as true and are construed in the light most favorable to the nonmoving party. See Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).

The first step in determining whether a claim is sufficiently pled is to identify the elements of that claim. See Iqbal, 555 U.S. at 675. The court should then distinguish between the pleading's allegations of fact and its legal conclusions: a court "must take all of the factual allegations in the complaint as true," but should not give legal conclusions this assumption of veracity. Iqbal, 556 U.S. at 678. The court must then decide whether the pleading's factual allegations, when assumed true, "plausibly give rise to an entitlement to relief." Id. at 679. The court may not consider material beyond the pleadings other than judicially noticeable documents, documents attached to the complaint or to which the complaint refers extensively, or documents that form the basis of the claims. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

## III. DISCUSSION

**A.   Plaintiff's Claims Arise Out of An Injury Subject to California's Workers' Compensation System.**

Plaintiffs recognize that their claims arise out of Decedent's injuries, and implicitly concede that if Decedent's injuries were covered by California's workers' compensation system, then their civil damages claims cannot proceed. See Opp'n 2:5-18. Plaintiffs contend that Decedent's injury was not covered by workers' compensation because he did not sustain the injury during his employment, but instead became ill and developed AML only after his employment ended. This position is contrary to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1072 ABC (JCx) | Date | March 17, 2014 |
|---|---|---|---|
| Title | Regina Lazo et al v. Mobil Oil Refining Corporation et al. | | |

California's workers' compensation statutes and case law.

California's Workers' Compensation Act (the "Act") is a compulsory scheme of employer liability for injuries that arise out of and in the course of employment, and that result in the disability or death of an employee. Del Taco v. Workers' Comp. Appeals Bd., 79 Cal. App. 4th 1437, 1440 (2000); Cal. Lab. C. § 3600. To be eligible for workers' compensation, an employee must have (1) suffered an injury that arose out of and in the course of employment, and (2) that injury resulted in the employee's disability or death. When these conditions are met, workers' compensation is the sole and exclusive remedy for an employee, or the employee's dependents, against the employer. See Cal. Lab. C. § 3602(a). As such, an employer is immune from tort liability for an industrial injury that is within the scope of workers' compensation coverage. See Cal. Lab. C. § 3600(a).

The Act defines "injury" to include "any injury *or disease* arising out of the employment. . . ." Cal. Lab. C. § 3208 (emphasis added). The Act further recognizes that diseases that arise out of employment might not manifest until after the worker leaves that employment, stating "[t]he date of injury *in cases of occupational diseases* or cumulative injuries is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his present *or prior employment*." Cal. Lab. Code § 5412 (emphasis added). Thus, the fact that Decedent's illness did not manifest until after he left Defendants' employ does not remove his injury from the purview of the workers' compensation system.

Numerous California cases indicate that diseases that manifest after employment are subject to workers' compensation. See, e.g., Chevron U.S.A. Inc. v. Workers' Comp. Appeals Bd., 19 Cal.4th 1182 (1999) (asbestos-related disease diagnosed after worker no longer employed by defendant is industrial injury covered by workers' compensation); Ashdown v. Ameron Internat. Corp., 83 Cal.App.4th 868 (Cal. Ct. App. 2000) (injury from exposure to asbestos manifested over twenty years after employment ended is injury for which workers' compensation provided exclusive remedy); J. T. Thorpe, Inc. v. Workers' Comp. Appeals Bd., 153 Cal.App.3d 327 (Cal. Ct. App. 1984) (workers' compensation statutes addressed plaintiff's long-term latent disease that manifested over thirty years after plaintiff ended employment); Dickow v. Workmen's Comp. Appeals Bd., 34 Cal.App.3d 762 (Cal. Ct. App. 1973) (lung disease caused in course and scope of prior employment is covered by workers' compensation).

The Complaint pleads an injury that is clearly subject to workers' compensation: it alleges that Decedent's on-the-job exposure to toxic chemicals caused his AML, which ultimately caused his death. That Decedent's injury did not manifest until Decedent left Defendants' employ does not except Decedent's injury from workers' compensation coverage. As such, workers' compensation provides the exclusive remedy for Plaintiffs' injury, and Defendants are immune from Plaintiffs' tort claims, except to the extent the exception discussed below may apply.

**B.     Plaintiffs Have Not Adequately Pled Fraudulent Concealment**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1072 ABC (JCx) | Date | March 17, 2014 |
|---|---|---|---|
| Title | Regina Lazo et al v. Mobil Oil Refining Corporation et al. | | |

Plaintiffs contend that the fraudulent concealment exception to workers' compensation exclusivity applies. This exception allows an employee or his dependents to bring an action for damages against the employer "where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation." Cal. Lab. Code § 3602(b)(2).

The three "essential elements" for pleading fraudulent concealment are: "(1) the employer knew that the plaintiff had suffered a work-related injury; (2) the employer concealed that knowledge from the plaintiff; and (3) the injury was aggravated as a result of such concealment." Palestini v. General Dynamics Corp., 99 Cal. App. 4th 80, 90 (2002). A plaintiff must prove that the employer had actual knowledge of the employee's injury; an employer's prior knowledge of the risks and dangers of its workplace is not enough to establish liability. See Hughes Aircraft Co. v. Superior Court, 44 Cal. App. 4th 1790, 1795-1797 (Cal. Ct. App. 1996). Furthermore, because the fraudulent concealment exception sounds in fraud, it is subject to Fed. R. Civ. P. 9(b)'s requirement that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotations omitted).

When read in view of the foregoing standards, the Complaint does not sufficiently plead fraudulent concealment. Substantively, the Complaint does not allege that Defendants had actual knowledge of Decedent's injury. Rather, Plaintiffs' fraudulent concealment argument is premised on the allegations that Defendants knew Decedent was exposed to toxic fumes, and that Defendants were aware of the risks these chemicals posed. But knowledge of risk does not equate to knowledge of injury, and the former is inadequate to support Plaintiffs' claim. Accord Rodriguez v. United Airlines, Inc., 2013 WL 6199275 (N.D. Cal. Nov. 27, 2013) (plaintiffs "are conflating knowledge of exposure with knowledge of injury, which is insufficient to support a § 3602(b)(2) claim as a matter of law."). Having failed to plead the first element (knowledge of injury), Plaintiff's claim fails.

As a matter of pleading standards, the Complaint does not plead fraudulent concealment "with specificity," as required by Rule 9(b). The Court recognizes that the Complaint was initially filed in state court where Plaintiffs were free to plead fraudulent concealment only "in general terms." See Palestini v. Gen. Dynamics Corp., 99 Cal. App. 4th 80, 90 (2002) (stating standard).

The Court will grant Plaintiffs leave to amend to attempt to cure these deficiencies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1072 ABC (JCx) | Date | March 17, 2014 |
|---|---|---|---|
| Title | Regina Lazo et al v. Mobil Oil Refining Corporation et al. | | |

### IV.  CONCLUSION

The Court therefore **GRANTS** Defendants' Motion to Dismiss.  If they can do so consistent with Fed. R. Civ. P. 11, Plaintiffs may attempt to cure the deficiencies noted above by filing an Amended Complaint within twenty-one (21) days of the issuance of this Order.  If Plaintiffs do not file an Amended Complaint by that deadline, the Complaint will be deemed dismissed with prejudice.

**IT IS SO ORDERED.**

                                                                                           :
                                                    Initials of Preparer    AB