FILED

Marc Y. Lazo SBN: 215998
WILSON HARVEY BROWNDORF, LLP
1900 Main Street, 6th Floor
Irvine, CA 92614
Phone No.:    (949) 274-7854
Fax No.:      (949) 234-6254

2014 APR 15  PM 2: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorneys for Plaintiffs, Regina Lazo, Alex Lazo and Marc Lazo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA LAZO, individually and as heir at law and successor-in-interest to YOUSSEF LAZO, deceased; ALEX LAZO, individually and as heir at law; MARC LAZO, individually and as heir at law; <br><br> v. <br><br> MOBIL OIL REFINING CORPORATION, a Delaware Corporation; EXXON MOBIL CORPORATION, a New Jersey Corporation; and DOES 1 through 100 inclusive, <br><br> Defendants, | Case No. 2:14-cv-01072-ABC(JCx) <br><br> *Assigned to Hon. Audrey B. Collins* <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> 1. **FRAUDULENT CONCEALMENT (LABOR CODE § 3602(b)(2))** <br><br> 2. **WRONGFUL DEATH** <br><br> 3. **NEGLIGENCE** <br><br> 4. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-BY STANDER** <br><br> 5. **LOSS OF CONSORTIUM** <br><br> 6. **FAILURE TO WARN** |

## PARTIES

1.      Plaintiff Regina Lazo is, and at all times relevant hereto was a resident of the State of California.  Mrs. Lazo, the wife of DECEDENT, brings this action pursuant to §377.60 of the Code of Civil Procedure, in her individual capacity as an heir at law and dependent of DECEDENT.  DECEDENT Youssef Lazo was at all times relevant hereto a resident of the State

-1-

of California. DECEDENT passed away on November 13, 2011, and is and was the husband of Plaintiff Regina Lazo.

2.    Regina Lazo, the wife of DECEDENT, as successor in interest to DECEDENT, brings the first, second, third, fourth, fifth, and sixth causes of action as survivorship actions pursuant to §377.30 of the Code of Civil Procedure. Plaintiffs Alex Lazo and Marc Lazo, children of DECEDENT, and as successors in interest to DECEDENT, bring the first, second, third, fourth, and sixth causes of action as survivorship actions pursuant to §377.30 of the Code of Civil Procedure.

3.    Defendant MOBIL OIL REFINING CORPORATION (hereinafter "MOBIL") is now, and at all times relevant hereto a Delaware corporation operating as a refinery, authorized to conduct its business in the State of California.    4.    Defendant    EXXON    MOBIL CORPORATION (hereinafter "EXXON") is now, and at all times relevant hereto a New Jersey corporation operating a multinational oil and gas corporation, authorized to conduct its business in the State of California.

5.    Plaintiffs are informed and believe, and thereon allege that Defendant EXXONMOBIL OIL CORPORATION is now, and at all times relevant hereto a New York corporation qualified to do business in California and owner of Defendant MOBILE. EXXONMOBIL OIL CORPORATION is herein being sued as "DOE 1."

6.    Plaintiffs are informed and believe, and thereon allege that Defendant MOBIL CORPORATION is now, and at all times relevant hereto a corporation qualified to do business in California and owner of Defendant EXXONMOBIL OIL CORPORATION.    MOBIL CORPORATION is herein being sued as "DOE 2."   Any reference to "MOBIL" is also a reference to EXXONMOBIL OIL CORPORATION and/or MOBIL CORPORATION.

7.    Plaintiffs are ignorant of the true names and capacities, whether individual, corporate associate, or otherwise, of defendants named herein as DOES 1 through 100 inclusive, sued, therefore, by such fictitious names.  Plaintiffs are informed and believe, and thereon allege that each of these fictitiously named defendants is in some manner responsible for tshe events

FIRST AMENDED COMPLAINT

1  and damages alleged herein, and will seek leave of Court to amend this Complaint, to show the
2  true names and capacities, when the same have been ascertained.

3       8.     Plaintiffs are informed and believe, and thereon allege that at all times relevant
4  hereto, Defendants and each of them, including DOES 1 through 100, instructed, authorized,
5  and/or ratified the statements and actions made by each other, as alleged herein.  As such, all
6  DOE Defendants named herein are equally culpable for the conduct alleged against the other
7  named Defendants as set forth herein.

8       9.     Plaintiffs are informed and believe, and thereon allege that at all times relevant
9  herein Defendants, and each of them, were the alter egos, agent, servants, employees, and/or
10  employers of the other, and were acting within the scope and range of the agency, service, and
11  employment.  All acts and omissions, alleged to have been done by the Defendants, or any of the,
12  were done with the knowledge, consent, authority, or ratification of the other Defendants.

13      10.    Plaintiffs initiate this action to receive remedy for the wrongs suffered from
14  Defendants' wrongful conduct.

15                           **JURISDICTION AND VENUE**

16      11.    Jurisdiction in this state is proper because MOBIL and EXXON (collectively
17  "Defendants") conduct business in the State of California.  Plaintiffs are informed and believe
18  and thereon allege that Defendants have substantial continuous and systematic contacts with the
19  State of California by and through their business activities, have established presences in this
20  state, and have purposefully directed their business activities at California residents.  As such, the
21  Defendants have purposefully availed themselves to the privileges of conducting their business in
22  the State of California, thus invoking the benefits and protections of the local laws.  Plaintiffs'
23  causes of action alleged herein arise out of MOBILE and EXXON's wrongful conduct in the
24  State of California during the course of their business activities and DECEDENT's employ.

25      12.    Venue is proper in this judicial district, pursuant to California Code of Civil
26  Procedure sections 395, subdivision (a) and 395.5 because the refinery owned and operated by
27  Defendants is located in the city or Torrance, county of Los Angeles.  Moreover, Defendants

28

FIRST AMENDED COMPLAINT

1  maintain an office, transact business, have an agent, or are found in the County of Los Angeles,

2  and within the jurisdiction of this Court for purposes of service of process.

3  **STATEMENT OF FACTS**

4  13.   Plaintiffs re-allege and incorporate by reference all allegations set forth in the

5  prior paragraphs.

6  14.   Plaintiffs are informed and believe, and thereon allege that DECEDENT died

7  from a degenerative disease known as Acute Myeloid Leukemia ("AML") and is survived by his

8  wife and family.

9  15.   Plaintiffs are informed and believe, and thereon allege that DECEDENT worked

10  in the field at MOBILE OIL REFINERY from approximately early 1980 to approximately mid

11  1994.  During the course of his employ at MOBIL OIL REFINERY, DECEDENT was forced by

12  Defendants to undergo long and strenuous conditions working outdoors while exposed to

13  Benzene and other toxic fumes which DECEDENT was forced to inhale without interruption.

14  Defendants also forced DECEDENT to handle hazardous waste products, which Plaintiffs are

15  informed and believe Defendants knew were toxic and knew that other former refinery

16  employees had developed lifelong illnesses and deaths as the result of being exposed to similar

17  conditions.  Plaintiffs are informed and believe and thereon allege that Defendants, and each of

18  them, concealed the identity and circumstances of these other employees from DECEDENT

19  while at the same time forcing DECEDENT to undertake the same working environment and be

20  exposed to the same toxic conditions.

21  16. As a result, DECEDENT slowly contracted AML from continued exposure to toxic

22  chemicals that compromised both his immune system and his dermal barrier.at his workplace in

23  Torrance, while working for MOBILE.

24  17.   Plaintiffs are informed and believe, and thereon allege that the family of

25  DECEDENT physically watched his deteriorating health after years of his suffering from

26  unspecific Myelodysplastic Syndrome (MDS), during which DECEDENT became increasingly

27  fatigued and ultimately developed AML.

28

FIRST AMENDED COMPLAINT

18.     DECEDENT passed away on November 13, 2011.  As a result of his deterioration and ultimate demise, which was witnessed by Plaintiffs, DECEDENT's estate continues to suffer emotional distress and recurring nightmares. The wife of DECEDENT continues to experience sadness, frustration, and depression as a result of witnessing her husband die tragically.  She also finds it difficult to participate in normal day-to-day functions of being a recently widowed mother. Her overall health, strength, and vitality have been greatly impaired.  She has suffered, may, and probably will, for an indefinite time in the future, suffer great pain, inconvenience, and mental anguish.  She also has been deprived, may, and probably will, for an indefinite time in the future, be deprived of ordinary pleasures of life, loss of wellbeing, love and comfort of a husband and equanimity.

19.     Furthermore, the children of DECEDENT continue to suffer pain resulting from witnessing the deteriorating state, and untimely death, of their father. They also continue to suffer reoccurring nightmares and severe emotional distress as a result of witnessing their father slowly and painfully die. Their overall health, strength, and vitality have been greatly impaired.  They have suffered, and probably will suffer, for an indefinite time in the future, suffer great pain, inconvenience, and mental anguish.  The children also has been deprived, may, and probably will, for an indefinite time in the future, be deprived of ordinary pleasures of life, loss of wellbeing, family unity and equanimity. Plaintiff Marc Lazo has particularly experienced irreparable harm to his career resulting from taking care of DECEDENT for approximately four months prior to his death, and the mental and emotional trauma that arose therefrom.

20.     Plaintiff's estate isentitled to be compensated for the injuries caused by Defendants' wrongful conduct, and therefore are now suing the said Defendants on the causes of action set forth in the following paragraphs.

//

//

//

//

FIRST AMENDED COMPLAINT

**FIRST CAUSE OF ACTION**

**FRAUDULENT CONCEALMENT (LABOR CODE § 3602(b)(2))**

(As against all Defendants and DOES 1-100)

21.    Plaintiffs re-allege and incorporate by reference all allegations stated in each preceding paragraph.

22. During the course of his employ at MOBIL OIL REFINERY, DECEDENT's immune system and dermal barrier were compromised as a result of his inhalation of, handling of, and overall constant exposure to toxins and hazardous waste.  These injuries ultimately developed into AML, which developed after several years of MDS.

23.    Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, by and through their principals, had knowledge that the hazardous substances Defendants manufactured, produced onsite, supplied and/or purchased, had detrimental health risks and side effects which were a direct result of employees inhaling, physically handling, and otherwise being exposed to these substances.  Particularly, Defendants were aware that such inhalation, handling, and/or exposure could lead to the slow contraction of AML by way of a compromised immune system and dermal barrier.  Defendants were aware of such risks, in part, due to complaints from other employees who developed MDS, AML, and other serious health problems.  Defendants had knowledge that said employees – both at the Torrance plant and other MOBIL owned refineries – underwent similar work conditions as DECEDENT, and were exposed to the same toxic substances, the result of which caused them to develop serious illnesses and deaths of the same sort that ultimately caused DECEDENT's demise,

24. Defendants knew that, during his employ at MOBIL OIL REFINERY, DECEDENT was being harmed in the same manner through exposure to toxic substances and hazardous products, which Defendants knew would lead to DECEDENT's development of fatal health conditions, but Defendants concealed these risks from DECEDENT.  Specifically, throughout his employ at MOBIL OIL REFINERY, DECEDENT underwent at least annual physicals and was subjected to random urine and blood testing, all at the direction of Defendants and conducted by physicians

FIRST AMENDED COMPLAINT

1   acting as Defendant's agents.  Plaintiffs are informed and believe these physicals and urine and
2   blood testing revealed DECEDENT was suffering from physical precursors to AML, including a
3   compromised immune system – in part manifested by deficient red and white blood count and
4   mutated cells - and dermal barrier.  Rather than disclose these results to DECEDENT,
5   Defendants concealed the results from him and led him to believe he was healthy in order to
6   compel DECEDENT to believe that his working conditions and the substances to which he was
7   exposed were safe and would not compromise his health. .

8   　　25.   Thus, Defendants concealed (1) The nature and extent of other employees' illnesses and
9   deaths as the result of being exposed to similar work conditions and the same toxic substances as
10   DECEDENT; and (2) DECEDENT's own health system and the genesis and development of the
11   diseases to which he ultimately succumbed, in order to cause DECEDENT to continue working
12   under the same conditions – and at times to work longer hours – for the increased profitability of
13   Defendants.  As such, DECEDENT had no knowledge that he was slowly contracting MDS, and
14   ultimately, AML, or that his immune system and dermal barriers were being compromised.
15   Accordingly, DECEDENT continued to work and accept overtime working hours (which he was
16   told would be looked favorably on) without any knowledge or awareness that he was being
17   exposed to conditions that would ultimately take his life.  Defendants' concealment therefore
18   aggravated DECEDENT's injuries in that he was deprived of the opportunity to take proper
19   precautions to avoid exposure to the toxins and hazardous materials at work.  As a direct result,
20   DECEDENT was chronically exposed to the toxins and hazardous materials which Plaintiffs are
21   informed and believe were the proximate cause of his deteriorated health and ultimate
22   development of MDS and AML.

23   　　26. As the direct and proximate result of Defendants' fraudulent concealment, DECEDENT
24   ultimately died, after years of suffering due to having little to no energy to partake in normal
25   daily activities, and having to undergo painful medical treatment including chemotherapy prior to
26   his untimely death.

27

28

FIRST AMENDED COMPLAINT

1    27. Moreover, as a direct and proximate result of the breaches perpetrated by the Defendants, Plaintiffs have sustained severe injuries, including, but not limited to, physical and emotional impairment, mental trauma, severe emotional distress, and loss of enjoyment of life with the DECEDENT, after caring for DECEDENT for several months prior to his death.

## SECOND CAUSE OF ACTION

## WRONGFUL DEATH

(As against all Defendants and DOES 1-100)

28.    Plaintiffs re-allege and incorporate by reference all allegations stated in each preceding paragraph.

29.    During the course of his employ at MOBIL OIL REFINERY, Defendants subjected DECEDENT to unsafe working conditions.  Particularly, Plaintiffs are informed and believe that DECEDENT was forced to undergo long and strenuous conditions working outdoors while exposed to Benzene and other toxic fumes which DECEDENT was forced to inhale without interruption.  DECEDENT was also forced to handle hazardous waste products, all the while not being provided with normal breaks during regular working hours as required by law, and could not – while on working premises – ever escape the constant toxic fumes he had to endure during working hours.  Particularly, DECEDENT was forced to undergo inhumanly taxing work assignments during which DECEDENT would have to work from approximately 5:00 a.m. to 12:00 p.m. for weeks on end in the outdoors and inhale the Benzene fumes and other toxic emissions that plagued the MOBILE OIL REFINERY, as well as aid in discarding hazardous waste products.  Plaintiffs are informed and believe and thereon allege that DECEDENT was told by his direct supervisors that if he did not work the Coker and similar assignments he was given from time to time during his career with MOBILE, he would be terminated on no uncertain grounds.  As a direct and proximate result of Defendants' negligence, carelessness or recklessness, DECEDENT died from a terminal disease brought on by continued exposure to toxic chemicals at the oil refinery.

FIRST AMENDED COMPLAINT

30.     Furthermore, by reason of DECEDENT's death, Plaintiffs have been permanently deprived of love, care, companionship, comfort, services, society, solace, affection, instruction, advice, training, guidance, protection counsel, support, contributions, consortium, accumulations, inheritance and right of inheritance of DECEDENT, and have suffered grief and sorrow, all to their damages in an amount within the jurisdiction of this court, and according to proof.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

(As against all Defendants and DOES 1-100)

31.     Plaintiffs re-allege and incorporate by reference all allegations stated in each preceding paragraph.

32.     At all times herein mentioned, Defendants, and each of them, negligently owned, maintained, controlled, managed or operated the subject business located at 3700 W 190th St., Torrance, CA 90504.

33.     As the owners, controllers, or possessors of the subject business, Defendants. Jointly and severally, were required to exercise ordinary care and prudence in the use, maintenance, or management of the oil refinery. In addition, Defendants had a duty to ensure that competent precautions were taken with respect to the storage, containment, transportation, of toxic chemicals at and around the refinery.

34.     Defendants owed the DECEDENT a duty of care as DECEDENT was an employee, employed to work in the oil refinery located in Torrance.

35.     Defendants knew or should have known that an undue risk to persons such as the DECEDENT would exist because of prior similar incidents that had occurred whereby employees who were forced to work in the field during normal working hours developed health conditions similar to MDS and/or Leukemia, whether MDS or CMS (Chronic Myelogenous Leukemia).

FIRST AMENDED COMPLAINT

36.     Defendants failed to adequately and competently perform their duties in regard to maintaining safe conditions at the subject premises and preventing their employees like DECEDENT from being constantly exposed to life-terminating toxic fume exposure.

37.     As a direct and proximate result of the breaches perpetrated by the Defendants, Plaintiffs have sustained severe injuries, including, but not limited to, physical and emotional impairment, severe emotional distress, and loss of enjoyment of life of the DECEDENT.  38.

As a further proximate result of the conduct of the Defendants, Plaintiffs were compelled and did incur expenses for medical care and treatment and other incidental expenses. Plaintiffs will require additional medical care in the future and will incur additional expenses. Plaintiffs have incurred and continue to incur special and general damages and wage loss, in an amount according to proof at the time of trial but within jurisdiction of this court.

## FOURTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-BYSTANDER

(As against all Defendants and DOES 1-100)

39.     Plaintiffs re-allege and incorporate by reference all allegations stated in the preceding paragraphs.

40.     Defendants, jointly and severally, failed or consciously disregarded their special-relationship based duty to undertake reasonable steps to secure common areas against foreseeable harm that were likely to occur in the absence of such precautionary measures, and to take such appropriate action as is reasonable under the circumstances to protect its employees.

41.     Defendants' negligent disregard caused life threatening injuries to DECEDENT, and death from continued exposure to toxic chemicals. Plaintiffs, who were present at the hospital, witnessed the slow deterioration and decline of the DECEDENT's health, ultimately concluding with his untimely and tragic death from AML. The Plaintiffs suffered shock, fright and anxiety and suffers emotional distress as a result of sensory and contemporaneous observance of the death of the DECEDENT.  Moreover, plaintiff Marc Lazo resigned from his

employment to help care for his father for approximately four months prior to DECEDENT's death.

42.     Plaintiffs are informed and believe and thereon allege that Defendants' conduct was a substantial factor in causing Plaintiffs serious emotional distress in that had Defendants satisfied their duty of care in taking reasonable precautionary measures to protect their employees such as DECEDENT, particularly in light of the prior health problems of their employees, Defendants would have realized that subjecting DECEDENT and similarly situated employees to prolonged exposure to the toxic fumes emanating from the refinery would result in serious injury and/or death.

43.     Plaintiffs are entitled to be compensated for damages for pain and suffering, severe emotional distress, expenses for present and future medical and psychological expenses, economic loss, and for such relief as is deemed fair, just, and equitable.

## FIFTH CAUSE OF ACTION
## LOSS OF CONSORTIUM
(As against all Defendants and DOES 1-100)

44.     Plaintiffs re-allege and incorporate by reference all allegations in each preceding paragraph.

45.     At the time of the incident and death of DECEDENT, the Plaintiff Regina Lazo and DECEDENT were married and continued to be married up until the moment of the DECEDENT's untimely death.  Moreover, Marc Lazo continued to reside with DECEDENT and his mother while Plaintiffs cared for DECEDENT during his last months.

46.     Before suffering these injuries, Plaintiff's spouse was able to and did perform all the duties of a husband and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, conjugal relations, moral support, and solace to Plaintiff.

47.     As a result of the wrongful and negligent acts of the Defendants, and each of them, Plaintiff was caused to suffer, and will continue to suffer in the future, loss of consortium,

loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

48.     All the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendants.

## SIXTH CAUSE OF ACTION

## FAILURE TO WARN

(As against all Defendants and DOES 1-100)

49.     Plaintiffs re-allege and incorporate by reference all allegations in each preceding paragraph.

50.     Defendants had the unadulterated duty to provide written and oral warnings to DECEDENT and similarly situated employees to advise of the risks they would be taking in undertaking certain work assignments or exposing their bodies to the hazardous fumes and waste products without at least taking certain safety precautions like wearing masks; wearing protective clothes and using protective hand and foot wear.  Plaintiffs are informed and believe that Defendants not only failed to do so, but they actively concealed such conditions from DECEDENT.  When the names of the individuals who did so are ascertained, Plaintiffs will amend this Complaint to specifically identify those individuals.

51.     Plaintiffs are informed and believe that Defendants manufactured the hazardous products DECEDENT was forced to handle, which Defendants knew had potential risks, side effects, and allergic reactions that were known or knowable in light of scientific or medical knowledge that was generally accepted in the community at the time of the DECEDENT's employ.  Particularly, Plaintiffs are informed and believe that Defendants were aware of similarly situated employees who had developed MDS, CML and/or AML from being exposed to similar working conditions and strenuous assignments such as the Coker.

52.     The potential risks and side effects of said products presented a substantial danger when used or misused in an intended or reasonably foreseeable way, of which Plaintiffs are informed and believe Defendants were aware at all times.  DECEDENT, as a lay employee,

FIRST AMENDED COMPLAINT

would not and should not have recognized the potential risks and side effects on his own, but should have been warned of them by Defendants.

53.     The Defendants failed to adequately warn or instruct of the potential risks and side effects.  As the direct and proximate result of Defendants' failure to adequately and competently perform their duties in regard to maintaining safe conditions at the subject premises and preventing their employees like DECEDENT from being constantly exposed to life-terminating toxic fume exposure, DECEDENT ultimately died.

54.     Moreover, as a direct and proximate result of the breaches perpetrated by the Defendants, Plaintiffs have sustained severe injuries, including, but not limited to, physical and emotional impairment, severe emotional distress, and loss of enjoyment of life of the DECEDENT.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

## ON ALL CAUSES OF ACTION

1.     For damages for the loss of DEFEDENTS society, comfort, protection, services and support in a sum to be proven at trial

2.     For medical, funeral and burial expenses in a sum to be proven at trial

3.     For costs of suit incurred herein

4.     For general, and special, damages in an amount to be proven at trial


Dated:  April 15, 2014                    WILSON HARVEY BROWNDORF, LLP


                                    By:  _____
                                          MARC LAZO
                                          Attorneys for Plaintiffs


-13-

FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**
**[C.C.P. §1013a]**

I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action. My business address is 1900 Main Street, 6th Floor, Irvine, CA 92614.

On April 15, 2014, I served the foregoing document described as **FIRST AMENDED COMPLAINT** on the parties in this action:

Lawrence P. Riff
STEPTOE & JOHNSON
633 W. Fifth Street, Suite 700
Los Angeles, CA 90071


XXX   BY MAIL

    XXX  I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.

    _____   I caused such envelope to be deposited in the mail at Irvine, CA.  The envelope was mailed with postage thereon fully prepared.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.  Executed this 15TH day of April, 2014, at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
ROSIE CANTILLO

FIRST AMENDED COMPLAINT